NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3073

JOSEPHINE ZAMUDIO,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Josephine Zamudio, of Berwyn, Illinois, pro se.

Phyllis Jo Baunach, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Donald E. Kinner, Assistant Director.  Of counsel on the brief was David Skidmore, Assistant Regional Counsel, Office of the Regional Chief Counsel, Social Security Administration, of Chicago, Illinois.

Appealed from:  Arbitration Decision

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3073

JOSEPHINE ZAMUDIO,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Petition for review of the arbitrator's decision in CH200R0013.

_____

DECIDED:  May 9, 2008

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

RADER, Circuit Judge.

An arbitrator sustained the Social Security Administration's ("SSA") removal of Ms. Zamudio from her position as a Bi-lingual Service Representative.  Because Ms. Zamudio failed to show that the arbitrator's decision was arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law, and because the penalty of removal was not outrageously disproportionate to the proven charges, this court affirms.

I

Ms. Josephine Zamudio was removed from her position with the SSA for four reasons: (1) discourteous treatment of the public; (2) failure to follow established work procedures; (3) poor public service; and (4) disrespectful treatment of a supervisor. Ms. Kathy Oboikovitz, Ms. Zamudio's North Riverside Operations Supervisor, proposed her removal. On February 11, 2002, the North Riverside District Manager, Mr. Dale Coonda, issued the decision to remove Ms. Zamudio.

Ms. Zamudio's challenged her removal under the grievance procedures outlined in Article 24 of the National Agreement Between American Federation of Government Employees and Social Security Administration (April 6, 2000) ("National Agreement"). Her first challenge was denied. Instead of appealing to the Merit Systems Protection Board (MSPB), Ms. Zamudio decided to arbitrate under Article 25 of the National Agreement. The decision to remove Ms. Zamudio was sustained by arbitrator Nancy D. Powers on August 14, 2007.

The arbitrator found that the SSA had proven each of the four charges within nine specific incidents which occurred in the summer and fall of 2001. "There is no question that the incidents occurred—they were all properly documented by Zamudio's supervisor or observed by her and other employees." Arbitration Decision at 11; [A 12]. The arbitrator described Ms. Zamudio's behavior as totally unacceptable and held that the SSA had just cause to discipline Ms. Zamudio and that termination was the appropriate form of discipline.

Ms. Zamudio struggled with disciplinary problems throughout her employment with the SSA. [A 4-5]; [A 42-43]. In fact she had been suspended three times previously. Most of these prior events involved similar discourteous behavior towards the public or supervisors. The incidents that led to removal, however, began with the failure to correctly process a reinstatement action after a claimant's retirement benefits had been improperly terminated. Ms. Zamudio's supervisor, Ms. Oboikovitz, attempted to discuss the error with her. Instead of consenting to a discussion, Ms. Zamudio responded with extremely inappropriate, profane, and hostile comments, which were overheard by others. [RB 10]. This incident led to the charge of supervisor disrespect. [A 5]

Another incident involved the destruction of an application for a social security number. Ms. Zamudio, instead of processing Mr. Haurota's application, vehemently ripped it up and threw it in the trash while cursing. Both Ms. Oboikovitz and Mr. Coonda testified that this alone was sufficient basis for removal.

The next three incidents involve written complaints from customers. Ms. Kimberly Pounders had just lost her sister. She brought her sister's two children (Terra and Troy) to the agency to ensure that their mother's social security checks would continue for their benefit. The two children had just experienced the loss of their mother a few days prior and reportedly were quite disturbed by Ms. Zamudio's treatment of them. Ms. Robinette Velders and Mr. Moriarity also submitted similar written complaints.

Two other instances involve immigrant legal aliens who were seeking social security numbers. Ms. Zamudio's incorrect actions led to unnecessary delays in the processing of the workers' applications. One of these instances left the applicant, who was simply applying for a name change, with the impression that she was being refused help based on her nationality. Another instance left a claimant, Ms. Colapietro, the wife of a disabled man who was just released from the hospital, with the impression that it was too late to appeal the denial of his disability benefits.

III

This court must affirm any agency action, findings, or conclusions not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1996); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). A court will not overturn an agency decision if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct. Cl. 1981). The standard of review is the same for the decision of an arbitrator as for a decision of the Merit Systems Protection Board.

IV

Mr. Zamudio alleges that the arbitrator did not consider all of the relevant facts. To the contrary, the arbitrator considered each of the nine specific instances which resulted in the four charges. The arbitrator correctly concluded that Ms. Zamudio was

discourteous to the public; failed to follow proper work procedures; provided poor public service; and treated her supervisor with disrespect.

The administrator's conclusions were far from arbitrary and capricious. Further, despite Ms. Zamudio's allegations, this court perceives that the arbitrator complied with all legal requirements. RB 16]. The arbitrator properly noted that to sustain a removal, the agency must demonstrate a nexus between the misconduct and the need for discipline to promote the efficiency of the service. Pope v. United States Postal Serv., 114 F.3d 1144, 1147 (Fed. Cir. 1997). The arbitrator also correctly determined that the punishment was not clearly excessive, unreasonable, or arbitrary and capricious. Douglas v. Veterans Administration, 5 M.S.P.R. 280, 299 (1981). The arbitrator noted that Mr. Coonda, in his decision to remove Ms. Zamudio, considered the appropriate factors, including appropriate mitigating and aggravating factors. An agency's choice of penalty should not be disturbed unless it appears "outrageously disproportionate" in light of all the factors. Lachance v. Devall, 178 F.3d 1246, 1251 (Fed. Cir. 1999).

V

In summary, because the arbitrator's decision was not arbitrary, capricious, unsupported by substantial evidence, and because the penalty of removal was not outrageously disproportionate to the proven charges, this court affirms.